NANCY E. FRAHER, Plaintiff-Appellee, *v.* LOREN R. INOCENCIO *et al.*, Defendants-Appellants (Dale Fulk, Plaintiff).

Fourth District   No. 4—83—0280

Opinion filed January 5, 1984.—Rehearing denied February 15, 1984.

Costigan & Wollrab and Livingston, Barger, Brandt, Slater & Schroeder, both of Bloomington, for appellants.

Fellheimer, Fellheimer, O'Dell & Travers, Ltd., of Pontiac (Robert M. Travers, of counsel), for appellee.

JUSTICE MILLER delivered the opinion of the court:

The trial court granted plaintiff Fraher a new trial in her suit to recover damages for her personal injuries and lost earnings caused by a car collision. This court granted the defendants' petition for leave to appeal under Supreme Court Rule 306 (87 Ill. 2d R. 306). The property damage claims of plaintiff Fulk, whose car Fraher was driving and wrecked in the accident, have been concluded and are not at issue here.

The jury, instructed on comparative negligence, found that Fraher suffered $3,000 in damages and attributed to her 92% of the combined negligence, leaving a verdict of $240. The trial judge granted Fraher's motion for a new trial because one of the defense lawyers, in his closing argument, violated an order *in limine* prohibiting comments on Fraher's consumption of alcohol the night of the accident. The defendants argue that the improper remark was invited by the closing argument of Fraher's lawyer. Alternatively, the defendants argue that the trial court should have accepted their offer of an *additur* of $2,760 rather than grant the new trial; the proposed *additur* consisted of the amount by which Fraher's negligence reduced her damages of $3,000. We agree with the defendants that the remark could have affected only the jury's determination of Fraher's negligence, and that the *additur* will cure the error.

The accident at issue here occurred about 11 p.m. October 13, 1980, on a two-lane, north-south, county blacktop near Campus, Illinois. The events leading up to the accident are for the most part undisputed. Fraher and six acquaintances—defendant Peterson and five of his friends—drove from Dwight to Campus in two cars to go to a tavern, which happened to be closed. Fraher was driving a car owned by her boyfriend, plaintiff Dale Fulk, and carrying one passenger;

defendant Peterson was driving the other car and carrying four passengers. While the Fraher-Peterson group was parked at a grain elevator in Campus, defendant Inocencio drove by, yelling an obscenity or two. Peterson took offense and chased Inocencio; they traveled north about four miles; estimates of the speed of the chase varied; one passenger in Peterson's car testified that they went as fast as 90 to 100 miles per hour. Inocencio tapped on his brakes and Peterson hit the back of Inocencio's car. This collision is not an issue here. Peterson then passed Inocencio and stopped. Peterson and at least one other person in his car got out and headed toward Inocencio's car, which also had stopped. In fear, Inocencio threw his car into reverse, staying in the northbound lane. While this was going on, Fraher was following the same route. She saw Inocencio's backup lights go on, tried to pass him, and hit him instead. The collision destroyed the car Fraher was driving, knocked out five of her front teeth, and caused her to miss several days' work. None of the persons in Peterson's car saw the collision.

Fraher sued defendant Inocencio for negligence and defendant Peterson for negligence and wilful and wanton misconduct. Every count alleged intoxication and deviations from traffic laws or from common sense. Before trial the plaintiffs filed several motions *in limine*. Two of these motions are important here: one was to exclude evidence and remarks on whether Fraher was using a seat belt when the accident occurred, and the other to exclude evidence and remarks on Fraher's consumption of alcohol before the accident. The court conditionally granted these motions but explained that the defendants could introduce evidence on these points if they showed that using a seat belt would have lessened Fraher's injuries or if they showed that Fraher was intoxicated when the accident occurred. The defendants introduced evidence on seat belts but not on Fraher's intoxication.

The objectionable comment by defendant Inocencio's lawyer occurred in this section of his closing argument:

> "So we get into a situation Loren is intoxicated because of the fact that he admitted truthfully to the officer that he had been drinking some five hours before the accident. Now, the plaintiff who takes a drunk in the car with her and goes from one tavern to another and is accompanied by five other drunks and then they stand up here and they argue, but no one says she wasn't intoxicated—I mean that she was intoxicated. You didn't hear anyone say like they were saying about Loren that she hadn't been drinking."

The trial court sustained the plaintiffs' objection to the reference to

Fraher and instructed the jurors to disregard it. The defendants argue that the plaintiffs' lawyer invited the comment by his own remarks on the subject in closing argument:

> "Let's look at Mrs. Fulk, Nancy Fraher at the time. You heard a concerted effort by the attorneys for the defendants to make it seem as if she was with this group of gentlemen that evening at the 17-47 Bowl. You recall all these questions about well, was everybody buying rounds, was everybody in the same condition. Remember that? They are trying to suggest to you, to imply to you, that she, in fact, was in the same condition as these individuals were that evening, and that is not the truth, because every time one of these individuals was asked by me well, was she buying the rounds, do you mean to include her in that group? No, she wasn't with us, she was there, that is it. There is no evidence concerning her intoxication. But you did hear this effort and I believe you are going to hear the effort to imply that in closing argument."

The defendants argue first that the remark in question was fair reply to the plaintiffs' closing argument, which invited a response like the one that was made. The remark exceeded the scope of the invitation, however, and therefore was improper. Because Fraher was not intoxicated when the accident occurred, the trial court granted the motion *in limine* on the subject of her consumption of alcohol before the accident. This meant that the jury would not hear any evidence that she had been drinking. Thus, the plaintiffs' lawyer properly and accurately argued that there was no evidence of Fraher's intoxication; this remark did not violate the order *in limine*. The remark by defendant Inocencio's lawyer, however, did violate that order. His statement about the lack of evidence on the subject, "You didn't hear anyone say like they were saying about Loren that she hadn't been drinking"—an allusion to the testimony that Inocencio did not drink any alcohol after 6 or 6:30 the night of the collision—implied that Fraher had been drinking. This went beyond any invitation to reply that was contained in the argument of the plaintiffs' lawyer and prejudiced Fraher's right to a fair trial.

▪ The decision whether to grant a new trial is reserved to the trial judge's discretion (*Reidelberger v. Highland Body Shop, Inc.* (1981), 83 Ill. 2d 545, 416 N.E.2d 268), and improper closing argument that causes prejudice may be grounds for a new trial (*Crutchfield v. Meyer* (1953), 414 Ill. 210, 111 N.E.2d 142). We must determine in what way Fraher was prejudiced by defense counsel's remark and whether the defendants' proposed *additur* would be an appropri-

ate alternative to a new trial.

Whatever prejudicial effect the improper remark had was limited to the jury's determination of Fraher's own negligence. The remark could not have influenced the jury's finding that Fraher suffered damages of $3,000. The jury reached that figure because, as the evidence established and defense counsel argued, by the time of trial Fraher had not replaced her lost teeth, though two years had passed since they were ruined, and so far had suffered little financially—just her lost pay for several days and some small medical and dental bills. Defense counsel's implication that Fraher was drinking before the accident could have had no bearing on the jury's computation of the damages that the accident caused her. The prejudicial effect of the remark came when the jury determined the extent of Fraher's own negligence. Only then would the jury have considered her conduct preceding the collision and the implication that she was drinking.

As an alternative to granting a plaintiff a new trial, *additur* traditionally has been limited in Illinois to rectifying the omission of a liquidated or easily calculated item of damages. (*Ross v. Cortes* (1981), 95 Ill. App. 3d 772, 420 N.E.2d 846; *Bernesak v. Catholic Bishop* (1980), 87 Ill. App. 3d 681, 409 N.E.2d 287.) In *Carr v. Miner* (1866), 42 Ill. 179, an action in assumpsit, the jury's only error was allowing the plaintiff 6% interest on his award rather than 10%. The defendant agreed to an *additur*, and the trial judge denied the plaintiff's motion for a new trial. On appeal the plaintiff argued among other things that his motion for a new trial should have been granted. The supreme court affirmed the trial judge's decision. The court said:

> "The evidence showed that defendant always recognized his liability to pay ten per cent interest, and under the statute he could bind himself for that rate by agreement. This the jury should have allowed. The court below, it seems, took this view of the case, and intimated that he would grant a new trial unless defendant in error would consent to increase the verdict to $996.75, which seems to be about the difference in the two rates of interest. To this defendant in error consented and the motion was overruled. If there were no other grounds requiring a new trial to be granted, and we see none, then, when that was corrected, there was no error in overruling the motion. It was a case in which the amount could be calculated with certainty when the basis was found. The practice is one that should be sparingly indulged, and should never be adopted except in clear cases." 42 Ill. 179, 191-92.

The defendants have offered the full and easily ascertainable

amount by which the jury found Fraher's negligence to reduce her damages, and we need not trace the prejudicial effect of the remark any further. In the present case, the defendants' proposed *additur* corrects the error that would otherwise require a new trial; their offer to pay Fraher's damages in full, unreduced by the amount of her own negligence, undoes the prejudice caused by the remark. Therefore, we conclude that the trial court erred in not allowing the defendants to submit the *additur* as an alternative to a new trial.

Upon the defendants' filing in this court in the next 30 days an *additur* of $2,760, we shall remand the cause for entry of judgment of $3,000 in Fraher's favor; otherwise, we shall affirm the trial court's judgment granting Fraher a new trial.

*Additur* ordered; otherwise affirmed.

TRAPP and GREEN, JJ., concur.